Randall T. Garteiser (CA State Bar No. 231821)
    rgarteiser@ghiplaw.com
Christopher A. Honea (CA State Bar No. 232473)
    chonea@ghiplaw.com
GARTEISER HONEA— IP TRIAL BOUTIQUE
795 Folsom St., Floor 1, San Francisco, CA  94107
119 W Ferguson, Tyler, TX  75702
Telephone: (415) 785-3762

*Attorneys for Rothschild Patent Imaging, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROTHSCHILD PATENT IMAGING, LLC,** | **CIVIL ACTION NO.** |
| **Plaintiff,** | **PATENT CASE** |
| v. | **JURY TRIAL DEMANDED** |
| **AFTERLIGHT COLLECTIVE, INC.,** | **COMPLAINT** |
| **Defendant.** | |

Plaintiff Rothschild Patent Imaging, LLC ("Plaintiff" and/or "RPI") files this complaint against Afterlight Collective, Inc. ("Defendant" and/or "Afterlight Collective") for infringement of U.S. Patent No. 8,437,797 (hereinafter the "'797 Patent") and alleges as follows:

## PARTIES

1. Plaintiff is a Texas limited liability company with an address of 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

2. On information and belief, Defendant is a California corporation with an address of 2013 Nicklaus Cir., Roseville, CA 95678. On information and belief, Defendant may be served through its agent, William Bernard, 1624 Santa Clara Dr.,

Roseville, CA  95661.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. § 271 *et seq*.  Plaintiff is seeking damages, as well as attorney fees and costs.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents).

5. On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

6. Upon information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in this District.

7. Venue is proper in this District under 28 U.S.C. §1400(b) because Defendant is deemed to be a resident in this District.  Alternatively, acts of infringement are occurring in this District and Defendant has a regular and established place of business in this District.

## BACKGROUND

8. On May 7, 2013, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '797 Patent, entitled "Wireless Image Distribution System and Method."  The '797 Patent is attached as Exhibit 1.

9. Plaintiff is currently the owner of the '797 Patent.

10. Plaintiff possesses all rights of recovery under the '797 Patent, including the exclusive right to recover for past, present and future infringement.

11. The '797 Patent has a priority date of May 14, 2012.  The claims of the Patents-in-Suit are patent eligible under 35 U.S.C. § 101, 102, 103, and 112, as reflected by the fact that Patent Examiners all agreed and allowed the Patents-in-Suit over extensive prior art as disclosed and of record during the prosecution of the Patents-in-

Suit. *See Stone Basket v. Cook Medical, Inc.*, 892 F.3d 1175, 1179 (Fed. Cir. 2018) ("when prior art is listed on the face of a patent, the examiner is presumed to have considered it") (citing *Shire LLC v. Amneal Pharm., LLC*, 802 F.3d 1301, 1307 (Fed. Cir. 2015)); *Exmark Mfg. v. Briggs & Stratton,* 879 F.3d 1332, 1342 (Fed. Cir. 2018).

12. The Examiners at the USPTO searched, researched and investigated the patentability of the asserted patent claim as shown by the over twelve (12) categories of prior art the Examiners cited on the face of the patent, such as, (1) art category H04N1/00307, "Connection or combination of a still picture apparatus with another apparatus, *e.g.* for storage, processing or transmission of still picture signals or of information associated with a still picture with a telecommunication apparatus, *e.g.* a switched network of teleprinters for the distribution of text-based information, a selective call terminal with a mobile telephone apparatus;" (2) G06F3/005, "Input arrangements through a video camera;" (3) H04L67/04, "Protocols specially adapted for terminals or networks with limited capabilities; specially adapted for terminal portability;" (4) H04N1/00103, "Systems or arrangements for the transmission of the picture signal specially adapted for radio transmission, *e.g.* via satellites;" (5) H04N1/00127, "Connection or combination of a still picture apparatus with another apparatus, *e.g.* for storage, processing or transmission of still picture signals or of information associated with a still picture;" (6) H04N1/00204, "Connection or combination of a still picture apparatus with another apparatus, *e.g.* for storage, processing or transmission of still picture signals or of information associated with a still picture with a digital computer or a digital computer system, *e.g.* an internet server;" (7) H04N21/4223, "Cameras;" (8) H04N21/6131, "Network physical structure; Signal processing specially adapted to the downstream path of the transmission network involving transmission via a mobile phone network;" (9) H04W4/02, "Services making use of location information;" (10) H04W4/023, "Services making use of location information using mutual or relative location information between multiple location based services [LBS] targets or of distance

thresholds;" (10) H04W4/21, "Services signaling; auxiliary data signaling, *i.e.* transmitting data via a non-traffic channel for social networking applications;" (11) H04W4/80, "Services using short range communication, *e.g.* near-field communication [NFC], radio-frequency identification [RFID] or low energy communication;" (12) H04N2201/0084, "Digital still camera."  These thorough searches demonstrate the importance of the patented inventions of the '797 Patent.

13. After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiners allowed all the claims of the Patents-in-Suit to issue. It is presumed that Examiners used their knowledge of the art when examining the claims. *See K/S Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014).  It is further presumed that Patent Examiners had experience in the field of the invention, and that the Patent Examiners properly acted in accordance with a person of ordinary skill. *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002).

14.  The claims of the '797 Patent are novel and non-obvious, including over all non-cited art that is merely cumulative with the referenced and cited prior art.  *See* 37 C.F.R. § 1.56(b) (information is material to patentability when it is not cumulative to information already of record in the application); *see also AbbVie Deutschland GmbH v. Janssen Biotech,* 759 F.3d 1285, 1304 (Fed. Cir. 2014); *In re DBC,* 545 F.3d 1373, 1382 (Fed. Cir. 2008). Likewise, the claims of the '797 Patent are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by the Examiners. *See, e.g., St. Clair I.P. Consultants v. Canon, Inc.,* 2011 WL 66166 at *6 (Fed. Cir. 2011); *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002); *In re Koninklijke Philips Patent Litigation,* 2020 WL 7392868 at *19 (N.D. Cal. 2020); *Standard Oil v. American Cyanamid,* 774 F.2d 448, 454 (Fed. Cir. 1985) (persons of ordinary skill are presumed to be aware of all pertinent prior art).

15. The '797 patent explains that for exemplary purposes only, "weddings, parties, vacations, sporting events, tours, etc., provide an ideal situation where a number of individuals such as, friends, family members, or acquaintances, may be simultaneously taking photographs, attempting to take photographs, or otherwise have the desire to obtain copies of photographs taken by other individuals." (Exhibit 1, '797 Patent, Col. 1:52-57). The patent continues "In such a situation, it is rather common for one or more of the photographers or individuals capturing the digital photographic image(s) to express his or her intent to share or otherwise distribute the image(s), for instance by e-mailing them directly to the other individuals and/or uploading the image(s) to an accessible location on the World Wide Web." (Exhibit 1, '797 Patent, Col. 1:58-63). "For example, many web sites and/or companies, including, SHUTTERFLY®, KODAK® EASYSHARE®, and SONY® IMAGESTATION®, provide services for uploading and sharing photographs. While this may be one way to share the image, it is not ideal, as oftentimes, the images are in fact never sent, uploaded, or shared as initially intended. In addition, even in the event the digital photographic images are in fact uploaded to the web servers, it may take days, weeks, or even months to do so, and further, use of these third-party services may often lead to excessive, unnecessary frustration and aggravation." (Exhibit 1, '797 Patent, Col. 1:64 – 2:8).

16. The patent goes on to explain that the current need the patent claims address. "As such, there is a current need in the art for an image distribution system and method which is structured to dispose one or more capturing devices in a communicative relation with one or more receiving devices for instantaneous, automatic, and/or selective distribution of images there between." (Exhibit 1, '797 Patent, Col. 2:8-13).

17. "The present invention is directed to a system and method for distributing at least one digital photographic image from a capturing device, such as, for example, a digital camera or other mechanism having digital photographic capabilities, to one or

more receiving devices, wherein the receiving device(s) is cooperatively structured to automatically and/or selectively receive the digital photographic image(s) from the capturing device." (Exhibit 1, '797 Patent, Col. 2:16-24).

## COUNT ONE

### (Infringement of United States Patent No. 8,437,797)

18. Plaintiff refers to and incorporates the allegations in Paragraphs above, the same as if set forth herein.

19. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

20. Defendant has knowledge of its infringement of the '797 Patent, at least as of the service of the present complaint.

21. The '797 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

22. Defendant has infringed and continues to infringe one or more claims, including at least Claim 16 of the '797 Patent, by manufacturing, using, importing, selling, offering for sale, and/or providing (as identified in the Claim Chart attached hereto as Exhibit 2) its product which is an application (*i.e.*, Afterlight App) for practices a method performed by an image-capturing mobile device (*e.g.*, mobile phone or camera for capturing the images) ("Product"), which infringes at least Claim 16 of the '797 Patent. Defendant has infringed and continues to infringe the '797 patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

> **Take or Import a Photo to Start the Editing Process**
>
> You can use Afterlight's camera tool to take a photo instantly. If you want to have more control over your image, you should use a manual camera app. This can help you preserve image data, have more control over your focus, and more. You can then import your image into Afterlight.

Source: https://expertphotography.com/afterlight-app/

> **Save Your Final Results Using the App's Quick Export Tools**
>
> When you're happy with the results, press Done.
>
> This will open an Export window where you can immediately export to Instagram, Facebook, Twitter, and more. Or you can save the image to your gallery.

Source: https://expertphotography.com/afterlight-app/

23. Claim 16 envelops a method performed by Defendant's software app running on an image-capturing mobile device. The defendant (Afterlight Collective, Inc.) provides an application (*i.e.,* Afterlight App) that practices a method performed by an image-capturing mobile device (*e.g.*, mobile phone or camera for capturing the images). (Exhibit 2 at 1).

24. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '797 Patent Claim, by having its employees internally test and use these Exemplary Products.

25. The service of this Complaint, in conjunction with the attached claim chart and references cited, constitutes actual knowledge of infringement as alleged here.

26. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '797 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials

inducing end users and others to use its products in the customary and intended manner that infringes the '797 Patent. See Exhibit 2 (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

27. At least since being served by this Complaint and corresponding claim chart, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '797 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '797 Patent.

28. Exhibit 2 includes at least one chart comparing the Exemplary '797 Patent Claim to the Exemplary Defendant Products. As set forth in this chart, the Exemplary Defendant Products practice the technology claimed by the '797 Patent. Accordingly, the Exemplary Defendant Products incorporated in this chart satisfy all elements of the Exemplary '797 Patent Claim.

29. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of Exhibit 2.

30. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

31. Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

32. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

33. Plaintiff is in compliance with 35 U.S.C. § 287.

## **DEMAND FOR JURY TRIAL**

34. Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all cases of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receives notice of the order from further infringement of United States Patent No. 8,437,797 (or, in the alternative, awarding Plaintiff running royalty from the time judgment going forward);

(c) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: March 7, 2023                                Respectfully submitted,

GARTEISER HONEA— IP TRIAL BOUTIQUE

*/s/ Randall Garteiser*
Randall T. Garteiser
CA State Bar No. 231821
Christopher A. Honea
CA State Bar No. 232473

***Attorney(s) for Plaintiff***